ISRAEL GOVER ET AL *v.* HOMER FAIRBANKS.

(94 A2d 224)

November Term, 1952.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY and ADAMS, JJ.

Opinion Filed January 6, 1953.

*Robert H. Brown* for the defendant.

*John H. Webster* for the plaintiffs.

JEFFORDS, J.  This is an action of trover for the conversion of

ten heifers. There was a verdict and judgment for the plaintiffs and the case is here on exceptions of the defendant.

The plaintiffs held a first mortgage on certain chattels. Among such as described in the mortgage were "16 heifers and one bull, all coming 2 years old, and seven Holstein calves all with no tags." This mortgage was dated October 24, 1949, and recorded on October 27th of that year. All of the property mortgaged was set forth as being located on the farm in Bakersfield owned and occupied by the mortgagors.

On December 3, 1949, the defendant took a mortgage from the same mortgagors which covered in part "16 holstein heifers, coming 2 years old, located on the so called T. L. Tupper homestead, Town of Bakersfield, occupied by mortgagor." Sixteen ear tag numbers were then listed for the heifers.

The defendant later caused his mortgage to be foreclosed and sold ten of the heifers therein covered. This suit is for the conversion of these animals.

It seems to be unquestioned that the sixteen heifers covered by the second mortgage were the same heifers referred to in the first mortgage. The defendant claims that the description of these animals in the first mortgage was not sufficient to make the mortgage as to them valid as to him, the second mortgagee. This claim was raised below by an exception to the charge of the court, by a motion for a directed verdict and by a motion to set aside the verdict and a judgment *non obstante*.

■ As a general rule, the description of animals by sex, age and color is sufficient to give the description *prima facie* validity. However, the ultimate question is whether the description in the particular case is such as to enable a third person to identify the property by its aid, together with the aid of such inquiries as the instrument itself suggests. *Wells* v. *Blodgett*, 92 Vt 330, 333, 104 A 146, and cases cited.

■ The defendant in support of his claim of insufficiency relies largely on the fact that the first mortgage did not state that the animals in question were all of that description owned by the mortgagor at the time the mortgage was given. We have held several times that the omission of such a statement, unless it is shown that the mortgagor owned no more of such animals at the time than the number stated, renders the mortgage as to them fatally defective as to third persons because of an insufficient description. *Parker* v.

*Chase,* 62 Vt 206, 20 A 198; *Huse* v. *Estabrooks,* 67 Vt 223, 31 A 293; *Shum* v. *Claghorn,* 69 Vt 45, 51, 52, 37 A 236; *Desany* v. *Thorp,* 70 Vt 31, 43, 39 A 309.

The reason for this holding, as deduced from the cases, is that a description such as we have here applies equally to any heifers of the ages stated, so that one cannot apply it to those in question without pursuing a line of inquiry not suggested by the mortgage and proving something not referred to in it.

The rule is recognized in *Wells* v. *Blodgett, supra,* where it is stated on the authority of *Shum* v. *Claghorn, supra,* that the fact of ownership by the mortgagor of other animals answering the description of those mortgaged is a matter of defense in impeachment of the mortgage. In the present case there was uncontradicted evidence from which the inescapable conclusion must be drawn that at the time of the giving of the first mortgage the mortgagor owned heifers of like age located on his farm other than those set forth in the mortgage.

We hold, for the reasons stated, that the description of the animals in question was fatally defective in the first mortgage. This is the rule generally applied. 10 Am Jur 753, § 58.

The defendant stresses the fact that on the overwhelming evidence in the case, coming from disinterested witnesses, it is clear that at the time of the giving of the first mortgage the sixteen heifers which were described as having no tags did in truth have ear tags. He says for this reason the mortgage was calculated to puzzle and mislead and did not furnish the requisite basis of identification of the animals in question and consequently it was void as to them under the holding in *Joslyn* v. *Moose River Lumber Co.,* 83 Vt 49 at 53, 74 A 385. There is much merit in this claim but in view of our previous holding it need not be passed upon.

The plaintiffs in their brief point out that the defendant had actual knowledge of their first mortgage and this is so. They cite no cases and give no reasons why this fact should make any difference in applying our test as to the sufficiency of description in the mortgage in question or to chattel mortgages in general. True it is, that in some of our cases statements are to be found from which an inference might be drawn that a different, and possibly a less strict rule, might be applied in favor of a description in a mortgage against one who had actual notice of the mortgage than would be applied in the case of one who had constructive notice only. See for

example, *Niles* v. *Fuller*, 101 Vt 471, 473, 144 A 375, and *Wells* v. *Blodgett, supra.* In these cases and in a few others with like statements no reasons are given why a different rule of construction should be applied to one than to the other. In most of our cases bearing on this subject matter the test or rule is applied to third persons without differentiating one class from the other.

■ Only one of our cases has been found which has treated this question to any extent. This case is *Symes* v. *Fletcher*, 95 Vt 431, 115 A 502. The language used near the bottom of page 435 might be said to show that a distinction should properly be made in respect to a description in a chattel mortgage between third persons having constructive notice only and those having actual notice of the mortgage. This case had to do with the rights of the parties to the mortgage, so what is said in respect to third persons is mere *obiter*. There is no question that a different rule of construction applies in such a case than the one laid down as to third persons. With all due deference to the late Justice Taylor, we do not believe he was justified in giving the meaning to the words "third persons" that he says was intended by the author of the note in 14 ASR 239, referred to. The case of *National Bank* v. *Fitts*, 67 Vt 57, 30 A 697, is much relied upon in the Symes case. This was also a case between the parties to the mortgage. It should be noted that it is therein broadly stated "that a description which is sufficient between the parties may be utterly insufficient as against third persons." The cases that we have read from other jurisdictions show no difference in the application of the test in respect to description between one class and the other. We are of the opinion that no such distinction reasonably can be made. We can think of no valid reason why one who has constructive notice of a chattel mortgage by record is in any better position to challenge the sufficiency of its description than one who has actual notice of the mortgage. This rule seems to be well stated in 10 Am Jur 793, § 121 as follows: "The record of a chattel mortgage, although called constructive notice, is equivalent to, and as binding as, actual notice." See also *Sargent O. & R. Co.* v. *Kelley*, 99 Vt 350, 352, 132 A 135; *Enright* v. *Dodge*, 64 Vt 502, 505, 24 A 768.

■ Of course, if a third person has actual notice from the mortgage, or otherwise, of facts showing that a mortgagor cannot give him a good or unencumbered right or title to a chattel he has not acquired such title or right in good faith and is entitled to no benefit or

protection because of a defective description. Such is not the case here as far as the record discloses. One is charged with the knowledge of such facts by constructive notice as well as by actual notice from the wording of a mortgage. *Northwestern Nat. Bank* v. *Freeman,* 171 US 620, 19 S Ct 36,43 L Ed 307.

In view of our holdings above there is no need to discuss the other claims of error made by the defendant.

*Judgment reversed and judgment for the defendant to recover his costs. The order for a certified execution is vacated.*